UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Dione Cranford, | ) C/A No. 6:12-00590-JMC-KFM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden, Manning Correctional Institution, | ) |
| Respondent. | ) |

Petitioner, an inmate at Manning Correctional Institution, states that he is serving a 15-year sentence for the offense of armed robbery. ECF No. 1, page 1. Petitioner files the instant habeas petition, pursuant to 28 U.S.C. § 2254, alleging that the South Carolina Department of Corrections (SCDC) has miscalculated his sentence. *Id.* at 5.

## *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The instant § 2254 habeas petition seeks credit toward Petitioner's state sentence for 19 months he served in pretrial detention. As an initial matter, circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date. *See also Meeks v. McKoy*, No. 09-6208, 2010 WL 1050047 at **1 (4th Cir. March 23, 2010)(applying the one-year statute of limitations on petitions filed pursuant to § 2254 to a state prisoner's challenge of a disciplinary conviction).

In any event, both § 2241 and § 2254[1] require a petitioner to fully exhaust his state remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2254 (b)(1)(A)(in order for a state prisoner to pursue habeas relief under § 2254 in federal court, the petitioner must first exhaust his available state court remedies); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973)(exhaustion required under § 2241). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should

---

[1] There is a one-year statute of limitations on 28 U.S.C. § 2254 petitions (contained in 28 U.S.C. § 2244(d)).

have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Under South Carolina law, an inmate may seek review from the Administrative Law Court (ALC) of certain prison administrative decisions made by SCDC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). Such administrative decisions include the situation in which an inmate alleges that prison officials have erroneously calculated his sentence. *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750. Pursuant to the South Carolina Administrative Procedures Act (APA) and the South Carolina Appellate Court Rules (SCACR), an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. *See* S.C. Code Ann. § 1-23-610; Rule 242 SCACR.

The instant petition, which asserts that SCDC has miscalculated Petitioner's sentence, raises such an issue. Accordingly, the exhaustion of Petitioner's state remedies begins with the administrative grievance procedure of SCDC and review by the ALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts.[2] Petitioner alleges that

---

[2] In contrast, § 2254 petitions that challenge an inmate's sentence or conviction generally commence in circuit court pursuant to the state's post conviction relief statutes with appeal pursuant to the corresponding appellate rules. *See generally* S.C. Code Ann. §§ 17-27-10, *et seq.*; Rule 243, SCACR.

he appealed SCDC's denial of 19 months of credit for time served in pretrial detention to the ALC on April 18, 2011. ECF No. 1, page 4. Petitioner did not attach the ALC's order of August 16, 2011, dismissing the appeal with prejudice, to the instant petition. However, Petitioner did submit the order as an attachment in a previous case before this court, seeking credit for the 19 months of jail time credit under 42 U.S.C. § 1983. *See Jerry Dione Cranford v. Mr. Kammerer, et al.,* C.A. No. 6:11-02791-JMC (D.S.C. Dec. 29, 2011) at ECF No. 1-1, pages 1-3. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). The present petition, like the complaint filed in Petitioner's previous § 1983 action, fails to allege that Petitioner appealed the ALC's dismissal order to a higher state court. In fact, Petitioner states that he did not appeal the ALC's order, listed in the pleading as a third petition, to a higher state court. ECF No. 1, pages 4-5. As Petitioner has not demonstrated exhaustion of state remedies, he fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action brought pursuant to § 2254 or § 2241. Therefore the instant petition is subject to summary dismissal. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006)("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.")(internal quotation omitted).

## RECOMMENDATION

Accordingly, it is recommended that the petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

March 21, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).