# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jerry Dione Cranford, ) | |
| ) | Civil Action No.: 6:12-cv-00590-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Warden, Manning Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 11] regarding Petitioner Jerry Dione Cranford's ("Petitioner") Petition for a Writ of Habeas Corpus [Dkt. No. 1]. Petitioner is a state prisoner incarcerated at the Manning Correctional Institution ("MCI") and he seeks habeas relief pursuant to 28 U.S.C. § 2254, alleging that the South Carolina Department of Corrections has miscalculated his sentence. The Magistrate Judge's Report, filed on March 21, 2012, recommends that the petition be dismissed without prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the

1

Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In response to the Magistrate Judge's Report, Petitioner timely filed objections [Dkt. No. 18]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner makes two objections, both of which involve a prior civil action filed by Petitioner seeking the same relief sought in the instant case—a determination that he is entitled to nineteen (19) months of jail time credits. In *Cranford v. Kammerer, et al.*, C/A No. 6:11-2791-JMC (D.S.C Dec. 29, 2011) [Dkt. No. 15], Petitioner brought an action pursuant to 42 U.S.C. § 1983 against MCI's classification case worker and its inmate grievance coordinator. *Id.* at 2. The Magistrate Judge determined that Petitioner's section 1983 claim was improper and that his "exclusive federal remedy is to file a petition for a writ of habeas corpus under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254."

Petitioner subsequently filed the instant petition pursuant to 28 U.S.C. § 2254. However, the Magistrate Judge's Report finds that Petitioner has failed to exhaust his state remedies, making this petition subject to summary dismissal. Petitioner objects to the fact that the Magistrate Judge has dismissed Petitioner's second request for relief,

2

arguing that the Magistrate Judge's prior Report [Dkt. No. 11 in C/A No. 6:12-cv-00590-JMC] supplied him with "permission to proceed" under 28 U.S.C. § 2241 or § 2254. Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 18 in C/A No. 6:12-cv-00590-JMC]. The prior Magistrate Judge's Report provided Petitioner with the proper procedure for filing his claim. There is no indication that the Magistrate Judge gave permission for the claim to go forward. Moreover, Petitioner's writ cannot succeed unless it meets the threshold requirements, which the Magistrate Judge has rightly determined it does not.

Petitioner also objects to the Magistrate Judge's finding that he has failed to exhaust his state remedies. Petitioner disputes this, though he filed no court papers demonstrating that he had exhausted his state court remedies. *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (holding that the burden of demonstrating that state remedies have been exhausted is on the petitioner). The Magistrate Judge took judicial notice of evidence presented in Petitioner's prior case, finding proof that Petitioner participated in an administrative grievance procedure at MCI, which he then appealed to the Administrative Law Court ("ALC").[1] However, the Magistrate Judge found no proof that Petitioner appealed the dismissal of his claim at the ALC to a higher court. As a result, the Magistrate Judge rightly found that Petitioner had not exhausted his state remedies.

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report [Dkt. No.

---

[1] The ALC dismissed Petitioner's appeal on the grounds that Petitioner had failed to exhaust his administrative remedies with the Department of Corrections prior to bringing the case before the ALC.

11] and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] without prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 28, 2012
Greenville, South Carolina